Cooper *v.* Burton.

J. C. Cooper, adm'r, *et al. v.* Jas. W. Burton.

1. Administrator's Account. *County Court.* The confirmation of the report of the clerk of the County Court on the accounts of an admin-- istrator, made in pursuance of sec. 2342 of the Code, is final if not appealed from.

Code cited : Sec. 2342.

2. Code, secs. 2351-2-3, construed. The order of the court upon the- administrator to make distribution of the assets in his hands, made after the confirmation of the clerk's report, operates as a judgment against the administrator in favor of the creditors of the estate, upon which any one of them may have an execution issued for the amount of his debt against the administrator, upon affidavit made to the clerk that the administrator has had ten days' notice of the creditor's intention to apply for it. And, after the return of the execution by the officer (*nulla bona?*), the creditor may then, by motion, without. notice to the sureties, have a judgment for the amount of his debt against them, which judgment is based on the order of the court di- recting the administrator to distribute the assets.

Code cited : Secs. 2351-2-3.

· FROM FAYETTE.

Appeal from the Circuit Court. Thos. J. Flip-- pin, Judge.

Calvin Jones and E. H. Shelton for complainants.

H. B. Moorman for defendant.

Freeman, J., delivered the opinion of the court.

In November, 1861, Jno. C. Cooper was appointed administrator of W. C. Robertson by the County Court

of Fayette county.    Afterwards, he suggested the insolvency of the estate.    The claims against the same, under the order of the court, having been regularly presented and adjudicated, the administrator was ordered to furnish a schedule of the assets of the estate, perhaps in 1869.    After repeated notices to do so, a schedule was filed in pursuance of sec. 2337 of the Code.    In this schedule is an item of $1,177.83, received from the branch of the Bank of Tennessee at Somerville, which is stated to have been funds deposited by said Robertson in his official capacity as clerk of one of the courts of Fayette county.    The clerk, in stating the account of assets in the hands of the administrator, put down this sum as part of such assets.    This account was filed July 15, 1871.    At the September term, 1871, exceptions were filed to this report by Cooper and the other two defendants, sureties on his administration bond, and objection made to the confirmation of the report.

The substance of these exceptions were, first, that the money received from the Bank of Tennessee was in notes of the various banks of Tennessee, current at the time, but which had since depreciated in value; second, that the said sum of $1,177.83 charged to the administrator, did not belong to the estate of said Robertson, but was money deposited by him in said bank as clerk and special commissioner of the County Court of Fayette county.    Several other matters are stated, based on the same idea as the last exception mentioned.    No proof was taken in support of these exceptions, and at the October term, 1871, the ques-

tion of confirmation of the report by the court came
on to be decided, when Cooper, the administrator, and
his sureties on his bond, moved the court to continue
the case, as the record recites, "in order to take proof
as to some of the exceptions," which motion was re-
fused, to which Cooper and the sureties excepted, and
thereupon the report was confirmed.

The administrator and sureties then prayed an ap-
peal to the next term of the Circuit Court of Fayette
county, which was granted on condition of giving
bond, &c.; but no bond seems to have been given,
nor appeal ever perfected.

By this decree, in accordance with sec. 2351 of
the Code, the administrator was ordered to make dis-
tribution of the assets among the creditors according
to said account. This he failed to do, after regular
notice served on him. Thereupon an execution was
issued, as provided for by secs. 2352-3 of the Code.
These sections are as follows: "Said order shall ope-
rate as a judgment, upon which execution may be
issued by the clerk in favor of any creditor, directed
to any officer, and returnable before the clerk in
thirty days, and upon which such other proceedings
may be had to enforce the liability of the adminis-
trator or executor and his sureties as are usual in
other cases of judgments; and any creditor may, on
motion, have judgment entered against the sureties of
the administrator or executor." The other section
provides for ten days notice to the administrator or
executor, of the intention of the creditor to apply for
the execution.

The latter part of sec. 2352 is awkwardly expressed, in providing for "such other proceedings to be had to enforce the liability of the administrator or executor and his sureties as are usual in other cases of judgments," thus implying that the order operated as a judgment against the sureties as well as the representative.   But, taking it in connection with the next clause of the same section, "and any creditor may, on motion, have judgment entered against the sureties of the administrator," we construe it to mean, that, after the return of the execution against the administrator, then, at any rate, any creditor may, on motion, have judgment entered for the amount to which he is entitled on his debt against the estate, based on the order required to be made on the administrator.   No motion is required for this judgment.

. In the case before us, however, on failing to make the money out of the administrator, regular notice was given the sureties that a motion would be made for judgment against them as sureties at the February term, 1872.   At said term a motion was entered, and judgment formal entered against the sureties, to which they excepted, and then appealed to the Circuit Court of Fayette county, where the judgment of the County Court was affirmed, from which an appeal is prosecuted to this court.

On these facts it is obvious that, whatever may have been the rights of the parties as to the disputed item of $1,177.83, or however sound the objections might have been to the correctness of the report of the clerk if sustained by proof, yet the parties can

have no remedy in this court on this appeal. The judgment of the County Court confirming the report of the clerk, was a final judgment on the question, from which, by sec. 2345, "any person interested might have appealed." Not having done so, no matter involved in that decree of confirmation can be reinvestigated, upon an appeal from the subsequent judgment rendered against the sureties under the other provisions we have cited.

The appeal now before us only brings up the correctness of the judgment appealed from, and as there is nothing on its face from which we can see any error in it, we can but affirm it. The sureties possibly may have a remedy, or ought to have had at the proper time, but certainly they stand in no attitude for any relief on the record as it stands at present.

Let the judgment be affirmed with costs.